UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDEEP ROY CHAUHAN,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | Case No. 21-cv-08948-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION RE "MOTION TO PRODUCE DECEDENT'S GOOGLE ACCOUNT DOCUMENTS" AND MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 13, 24 |

Pro se plaintiff Sandeep Roy Chauhan filed this action against Google,[1] ostensibly seeking access to the contents of a Gmail account reportedly owned by his father, who Mr. Chauhan says passed away in 2021. Dkt. No. 1.[2] The Clerk's Office entered Google's default. Dkt. No. 21. Mr. Chauhan now moves for default judgment. The Court deemed the matter suitable for determination without oral argument and vacated the April 26, 2022 hearing. *See* Civil L.R. 7-1(b); Dkt. No. 28.

This Court does not have the consent of all parties to proceed before a magistrate judge.

---

[1] Although Mr. Chauhan's complaint names "Google, Inc.," the Court understands that Google properly is "Google, LLC."

[2] Mr. Chauhan initially filed the present action, and a subsequent duplicative case (Case No. 5:21-cv-09201-VKD) in the District Court for the Central District of California. That court transferred both actions to this district, where Google is headquartered. Dkt. No. 7; *see also* Case No. 5:21-cv-09201-VKD, Dkt. No. 8. This Court related the cases. *See* Dkt. No. 11; Case No. 21-cv-09201-VKD, Dkt. No. 12. Inasmuch as Mr. Chauhan's pending lawsuits appear to be duplicative, this Court suggests that the newly assigned judge may wish to consider (1) consolidating the actions and administratively terminating Case No. 21-cv-09201 and (2) ordering that all filings be made in the present action.

*See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court directs the Clerk of the Court to reassign this action and related Case No. 21-cv-09201-VKD *Chauhan v. Google, Inc*. ("Case No. -9201") to a district judge, with the following report and recommendation that Mr. Chauhan's "Motion to Produce Decedent's Google Account Documents" and his motion for default judgment be denied.

## REPORT AND RECOMMENDATION

### I.    BACKGROUND

According to the complaint, Mr. Chauhan's father created an account, mysandeepchauhan@gmail.com, to receive emails and store files in cloud storage. Dkt. No. 1 at 3. Mr. Chauhan says that his father passed away in February 2021. *Id*. Mr. Chauhan subsequently tried to access his father's email account, but says that the "account recovery options were missing" and the "account has been locked out." *Id*.

The complaint further alleges that Mr. Chauhan sent Google a request for access to a deceased user's account. *Id*. Google reportedly responded by stating that it requires a court order making certain findings, including:

- That the decedent is deceased;
- That the decedent is the sole account holder of the named account;
- That the requesting party has a legal right to obtain the content;
- That disclosure of the content would not violate any applicable laws, including but not limited to the Electronic Communications Privacy Act and any state equivalent;
- That there is sufficient consent pursuant to the Stored Communications Act;
- The specific Gmail content being requested;
- That Google LLC is ordered to produce the requested Gmail content to the requesting party; [and]
- The location to which production needs to be sent.

*See id*.; *see also* Dkt. No. 13-8. In his complaint, Mr. Chauhan asserts that he has his father's death certificate and "identity proof"; that Mr. Chauhan is the "legal heir of deceased person e-mail account in question"; and that Mr. Chauhan has "not violated any law during obtain[in]g of data." Dkt. No. 1 at 4-6.

In an apparent attempt to amend or refine the allegations of his original complaint, Mr. Chauhan filed a second lawsuit, Case No. -9201. The allegations of this second complaint are

substantively identical to the first. However, Mr. Chauhan adds allegations that he is "the legal administrator and heir of deceased person"; that he has not violated either the Stored Communications Act or the Electronic Communications Privacy Act; and that there is "sufficient consent" under either statute for disclosure of the requested data. Case No. -09201, Dkt. No. 1 at 5-6.

Mr. Chauhan was given leave to proceed in forma pauperis. Dkt. No. 11; Case No. -9201, Dkt. No. 12. Google was served on January 14, 2022. Dkt. No. 17; Case No. -9201, Dkt. No. 14. Google did not respond, and the Clerk's Office granted Mr. Chauhan's request for entry of Google's default. Dkt. Nos. 18, 21.[3] Meanwhile, Mr. Chauhan filed a "Motion to Produce Decedent's Google Account Contents," essentially repeating the allegations of his complaints and seeking the same relief, and also appending several documents in support of his requested relief. *See* Dkt. No. 13.

Mr. Chauhan subsequently moved for default judgment and later filed an "Errata." Dkt. Nos. 24, 27. Unlike either of his complaints, Mr. Chauhan's motion for default judgment now states that there are three Gmail accounts at issue. Two of the accounts in question reportedly were created by his father: mysandeepchauhan@gmail.com and myneerajchauhan@gmail.com. Mr. Chauhan says that he created the third account: neerajroychauhan@gmail.com. Dkt. No. 24 at 3. According to Mr. Chauhan, about 7 years after these accounts were created, Google disabled the myneerajchauhan@gmail.com account on March 23, 2020. *Id*. at 3-4. This account reportedly "had the credential of other remaining accounts." *Id*. at 4. Thus, when Google disabled this one account, all three accounts were "locked out." *Id*. Mr. Chauhan further states that Google said it disabled the accounts for violation of Google's Terms of Service ("TOS"), but did not provide further clarification and refused to reinstate the accounts. *Id*. Additionally, Mr. Chauhan believes that under the applicable TOS (which he asserts are the TOS as of October 25, 2017, and not March 31, 2020), Google failed to provide advance notice of termination and an opportunity for

---

[3] Mr. Chauhan previously moved for default judgment in Case No. -9201 before seeking entry of Google's default. Case No. -9201, Dkt. No. 15. That motion was administratively terminated without prejudice. *Id*., Dkt. No. 16. Mr. Chauhan subsequently filed his current motion for default judgment in the present action.

3

Mr. Chauhan and his father to retrieve their data, including "audios, videos, images, documents, notes, contacts, emails, links, youtube channel, and other formats[.]" *Id*. at 4-5. Based on website articles positing that an average Gmail account is worth about $3,588.85 and increases by about $1,196 per year, Mr. Chauhan now seeks default judgment awarding compensatory damages of $18,000 (i.e., $6,000 for each of the three accounts at issue). *Id*. at 2, 4, 7; Dkt. No. 24-11; Dkt. No. 24-17. Mr. Chauhan also requests $1,200 in attorney's fees, as well as an order that if the accounts cannot be reinstated, then Mr. Chauhan is allowed to download data from the accounts. *See* Dkt. No. 24 at 2, 7-8; Dkt. No. 24-3 at 2; *see also* Dkt. No. 27.

As noted above, this Court deemed Mr. Chauhan's motion for default judgment suitable for determination without oral argument. Civil L.R. 7-1(b); Dkt. No. 28. Upon consideration of Mr. Chauhan's moving and supporting papers, as well as other matters of record in this case and Case No. -9201, including his complaints and his prior "Motion to Produce Documents" and supporting papers, this Court recommends that Mr. Chauhan's "Motion to Produce Documents" be denied and that his motion for default judgment also be denied.

## II.   LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). After entry of default, a court may, in its discretion, enter default judgment. Fed. R. Civ. P. 55(b)(2);[4] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) ("A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d

---

[4] "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2). There are no such issues presented here.

4

1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### III. DISCUSSION

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the well-pleaded complaint rule, the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009). Federal district courts have diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332.

As explained below, Mr. Chauhan has not demonstrated, at the outset, that he is entitled to relief under any particular federal claim. Mr. Chauhan also has not demonstrated that his complaints meet the requirements for federal jurisdiction based on diversity of citizenship. Moreover, Mr. Chauhan's motion for default judgment seeks relief that is inconsistent with his pleadings. Because the Court lacks jurisdiction and because the motion does not meet the threshold requirements of Rule 54(c), the Court does not address any remaining factors regarding default judgment.

#### A. Federal question jurisdiction

In this case, Mr. Chauhan's complaints are not premised upon any particular federal claim for relief. Although his form complaints cite the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701, *et seq.* and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510-2523, as the basis for both federal jurisdiction and for his claims, Mr. Chauhan does not

affirmatively assert a claim under either statute.[5]  Rather, he cites those statutes only in an effort to establish that he is authorized[6] to obtain the requested data and that the account access he seeks does not violate either statute.  *See* Dkt. No. 1 at 5-6; Case No. -9201, Dkt. No. 1 at 5-6.

        Even assuming that Mr. Chauhan's complaints might be construed as stating claims arising under the SCA or the ECPA, he has not presented sufficient information for this Court to properly find that he legally is authorized to obtain the account data he seeks.  Mr. Chauhan's purported authority to access the account data in question stems from his alleged role as the administrator of his father's estate.  *See* Dkt. No. 13-2 ¶ 3; *see also* Case No. -09201, Dkt. No. 1 at 5-6.  Here, Mr. Chauhan submits several documents he says were issued by the Government of Haryana in India, where Mr. Chauhan resides.  Among those documents are what Mr. Chauhan states is his father's death certificate, and it appears to be a death certificate for "Bhagat Singh."  Dkt. No. 13-2 ¶ 2; Dkt. No. 13-3.  Mr. Chauhan also submits a "family id certificate" purporting to show that he is Bhagat Singh's son.  Dkt. No. 13-2 ¶ 3; Dkt. No. 13-4.  Mr. Chauhan argues that "[t]hus, [i]n his/her lawful capacity established, Administrator or Administratrix has a legal right to obtain the content of communications and other filed stored in Decedent's Accounts."  *See* Dkt. No. 13-4 at 1.  The "family id certificate," however, seems to indicate that Mr. Chauhan has a twin brother.  *See id*. at 2.  Accordingly, to the extent Mr. Chauhan claims he is the administrator of his father's estate solely by virtue of being his father's son, this Court is not persuaded.  Additionally, Mr. Chauhan submits several invoices that he says establishes that his father owned two phones and a

---

[5] Generally, the ECPA prohibits the interception of any wire, oral, or electronic communication or the disclosure or use of the contents of an intercepted communication, as well as the use of a device to intercept an oral communication.  *See* 18 U.S.C. § 2511(1).  The SCA, which is Title II of the ECPA, "allows a plaintiff to bring an action against anyone who '"(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility . . . and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage.'"  *Cottle v. Plaid, Inc.*, 536 F. Supp. 3d 461, 487 (N.D. Cal. 2021) (quoting 18 U.S.C. § 2701(a)).

[6] The SCA, for example, prohibits service providers from disclosing the contents of an account holder's electronic communications, unless one of several exceptions applies.  18 U.S.C. § 2702(a)(1), (a)(2); 18 U.S.C. § 2702(b)(1)-(9).  One such exception is that a service provider may disclose the contents of an account holder's electronic communications with the "lawful consent" of the account holder.  18 U.S.C. § 2702(b)(3).

laptop used to log in to the mysandeepchauhan@gmail.com account. *See* Dkt. No. 13-2 ¶ 4; Dkt. No. 13-5. Those documents are rather vague, however, and insufficient to clearly establish that his father was the sole account holder of that account.

In sum, this Court does not find that Mr. Chauhan has presented a sufficient record on which to make the findings he says Google requires for access to the account data in question.

**B.      Diversity jurisdiction**

The record demonstrates that there is diversity of citizenship under 28 U.S.C. § 1332, as Google is headquartered here and Mr. Chauhan resides in India. However, there is no indication that the amount in controversy exceeds the $75,000 threshold required for diversity jurisdiction.

**C.      Rule 54(c)**

A "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The purpose of that rule is to ensure that a defendant has notice of the relief being sought against it and its potential liability. *See In re Ferrell*, 539 F.3d 1186, 1192-93 (9th Cir. 2008); *uSens, Inc. v. Chongqing Junma New Energy Auto. Co., Ltd.*, No. 19-cv-00315-BLF, 2022 WL 410938, at *1 (N.D. Cal. Feb. 10, 2022). Here, the relief sought by Mr. Chauhan's motion for default judgment differs substantially from, and exceeds, the relief requested in either of his complaints. As discussed above, Mr. Chauhan's complaints only seek access to the mysandeepchauhan@gmail.com account and do not include a request for damages or attorney's fees. In any event, for the reasons discussed above, Mr. Chauhan has not identified grounds that would entitle him to the judgment he seeks, including any attorney's fees. *See* Fed. R. Civ. P. 54(d)(2)(B)(ii) (providing that a motion for fees and costs "must . . . specify the judgment and the statute, rule, or other grounds entitling the movant to the award.").

**IV.    CONCLUSION**

Because not all parties have consented to the undersigned's jurisdiction, IT IS ORDERED that this case and related Case No. -9201 be reassigned to a district judge. For the reasons discussed above, it is RECOMMENDED that Mr. Chauhan's "Motion to Produce Decedent's Google Account Contents" be denied and that his motion for default judgment be denied.

Any party may serve and file objections to this Report and Recommendation within 14

7

1  days after being served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civ. L.R. 72-3.

2  Dated: May 4, 2022

_____
VIRGINIA K. DEMARCHI
United States Magistrate Judge